To reverse a judgment for plaintiff on the verdict of the jury, defendant prosecutes this writ of error.

DELAVAN B. COLE, for plaintiff in error.

HARRY A. BIOSSAT, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. COURTS, § 149*—*when decision in other actions on similar contracts followed.* Contracts involved in *Pritz v. Consolidated Adjustment Co.,* 189 Ill. App. 287, and *Baltimore Trust Co. v. Consolidated Adjustment Co.,* 190 Ill. App. 30, examined and *held* substantially like the contract in suit and the decisions in those cases, in so far as applicable, reaffirmed.

2. CONTRACTS, § 323*—*when default in performance warrants recovery.* In an action on a contract, where the evidence justifies the finding of the jury that the defendant failed to give plaintiff the service which, under the contract, it agreed to give, whereby the object of the contract was defeated, the finding of the jury for the plaintiff will not be disturbed.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in fourth-class case sufficient.* The statement of claim in a case of the fourth class in the Municipal Court of Chicago is sufficient if it shows the nature of the demand even though it does not designate the character of the action with technical accuracy.

---

## A. C. Heister, Defendant in Error, v. Crane Company, Plaintiff in Error.

### Gen. No. 20,432.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 8, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by A. C. Heister against Crane Company, a corporation, for damages alleged to have been caused to plaintiff's automobile by defendant's motor truck skidding into it.

Plaintiff's claim was for damages and for loss to his business while his automobile was being repaired.

The automobile repairer by whom plaintiff's car was repaired testified as to the damage and that his bill for the repairs and two other items not connected with the accident was sixty dollars.

There was evidence as to other troubles with the car arising subsequently, but their character and the causal connection of the accident with them was not clearly shown.

Plaintiff's damages were assessed at three hundred and fifty dollars, and to reverse the judgment entered therefor defendant prosecutes this writ of error.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—when verdict for injury by collision excessive. In an action to recover for damages to plaintiff's automobile by collision with defendant's motor truck and for loss to plaintiff's business while his car was being repaired, where the evidence shows that the cost of the repairs occasioned by the accident did not amount to sixty dollars and no actual monetary loss to his business by inability to use the car is shown, a verdict for three hundred and fifty dollars is excessive.

2. EVIDENCE, § 420*—when opinion evidence insufficient to show injury to business. In an action to recover for losses alleged to have been caused to plaintiff's business by his inability to use his automobile while it was being repaired after a collision with defendant's truck, it is error to permit plaintiff to give an estimate of the value per day of the car to his business, but actual monetary loss must be shown.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.